IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAMTA GUPTA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-cv-1011 |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| ALLEGHENY HEALTH NETWORK, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

**STANDING ORDER AND PROCEDURES ON CIVIL MOTION PRACTICE**

**Judge Marilyn J. Horan**

The parties, in addition to the rules set forth in the Federal Rules of Civil Procedure and the Court's Local Rules, shall follow the procedures set forth below in making or responding to motions in any case assigned to this member of the Court.  *This Order supersedes any prior Order on these matters in this action and is applicable to all pending civil proceedings unless otherwise ordered by the Court.*

1. **Motions.**

   a. A motion should consist of a document setting forth, in a short and plain statement, the specific relief sought and the factual and legal grounds for the relief sought. The motion shall affirmatively state whether the moving party has discussed the motion with all other parties and whether the parties have discussed their positions relative to the relief sought.

   b. Joint, consent, or uncontested motions on matters that do not implicate the substantial rights of the parties are encouraged and will be promptly decided.  A joint, consented-to, or uncontested motion shall be so titled.  Joint motions in cases with more than two parties that have the consent of fewer than all the parties shall so state on the first page.  Counsel's representation that a motion is joint, by consent, or uncontested is sufficient.

   c. Generally, no briefs are required for discovery motions, motions for extension of

time, or motions for continuance.  Each case management or discovery motion shall affirmatively state that the motion has been discussed with all parties, the position of each party as to the motion, and the relief sought.  No response needs to be filed to a joint or unopposed motion.  If the non-moving party does not oppose the motion, or if the motion is of a type that normally does not implicate the substantial rights of a non-moving party (e.g., motion to withdraw as counsel, motion to set a conference, most motions for extension of time), the Court may decide the motion without a response.  Absent such action by the Court, a response should be filed for all motions as set forth in paragraph 3.  **Letters faxed, emailed, or mailed to the Court do not constitute motions or responses on the record.**   Failure to respond in a timely fashion as set forth in paragraph 3.b. or by a separate briefing order may be deemed a concession to the moving party's grounds for any motion.

d.  All substantive motions shall be supported by a separate brief that contains the factual and legal support for the relief sought.  Evidentiary materials in support of or in opposition to a motion should be plainly marked.  The evidentiary materials may be attached to the motion or brief, or they may be compiled and filed in a separate document.  Counsel should furnish only the evidentiary materials that are necessary to deciding the motion.  However, the Court strongly urges that any transcript of deposition testimony, that is not confidential, subject to a protective order, or under seal, be provided in full.  Any pertinent passages of testimony shall be specifically cited with page and line numbers in the motions or briefs.  A proposed order setting forth the specific relief requested shall be filed as a separate attachment.  Generalized orders (e.g. "the motion is granted") are not sufficient.

e.  For all motions to amend a pleading or other document, the moving party shall attach as an exhibit the proposed amended document showing the proposed changes in redline format.

f.  In the Court's experience, many discovery and case management disputes can be promptly resolved in a conference with the Court and counsel. Therefore, in the event of such a dispute, lead counsel shall confer in person or by telephone, agree on the scope and nature of the dispute, and then email chambers at horan_chambers@pawd.uscourts.gov. The email shall briefly state the following:

1. Nature of the Dispute

2. Parties' Positions

3. Counsel Availability over the next Seven (7) days

4. Any time sensitivity to decision

Following review of the same, the Court will enter an order scheduling a status conference and/or directing briefing on the issue.

    g. Given that motions pursuant to Federal Rule of Civil Procedure 12(b) are discouraged if the pleading defect is curable by amendment, counsel shall meet and confer prior to the filing of such a motion to determine whether it can be avoided.  The Court requires that all such motions must be accompanied by a certificate of conferral stating that the moving party has made good faith efforts to confer with the non-moving party to determine whether the identified pleading deficiencies may be cured by amendment.

    h. For motions pursuant to Federal Rule of Civil Procedure 56, the parties shall first meet and confer prior to filing to determine whether they can stipulate to the dismissal of any claims or resolution of any issues.  The moving party shall file concise statement of material facts and provide an electronic copy to the non-moving party in Word format.

    The non-moving party shall respond to the concise statement of material facts by including the moving party's statements of fact, with each paragraph followed by the non-moving party's respective response.  The non-moving party may add any additional material facts at the end of the document.  The non-moving party shall also provide an electronic copy of its response to the moving party in Word format.  Any reply to the non-moving party's additional material facts shall be made in the same manner, such that all parties' statements of material facts and corresponding responses appear in one final single document that is filed on the record.  The Court will consider the last filed concise statement of material facts in its review of the motion for summary judgment.  Regarding exhibits, the non-moving party may supplement, but should not duplicate, any exhibits offered by the moving party.  To the extent possible, the non-moving party should cite to exhibits by their ECF number and page, found at the top of each filing.

2. **Responses/Replies**

    a. **Responses to Motions.**  Where a response to a motion is appropriate, the opposing party shall file a separate response to the motion.  Where briefing has accompanied a motion, the response may also include a brief.  A proposed order shall be filed as a separate attachment to the response.

    b. **Deadlines for Responses**.

        i. Should a party believe that resolution of the motion is urgent due to the particular circumstances of the case, the party should so state in its motion or response.  Additionally, the Court may schedule a telephone conference before the time runs for any response.  In such case, the non-moving party is excused from filing a written response and may state its position at the telephone conference.

        ii. Responses to motions to dismiss shall be filed 21 days from the date of service of the motion.

      **iii.**    Responses to motions for summary judgment shall be filed 28 days from the date of service of the motion.

      **iv.**    Unless otherwise stated in a specific order, responses to all motions, other than those referenced in i., ii., and iii. above, shall be filed 7 days from the date of service of the motion.

3. **Reply Briefs.**  Reply briefs to motions to dismiss may be filed, without leave of court, 7 days from the date of service of the response.  Reply briefs to motions for summary judgment may be filed, without leave of court, 14 days from the date of service of the response.  Reply briefs for any other motion may only be filed with leave of Court.  Reply briefs are most helpful when they identify and respond to the novel matters contained in the opposition brief that merit a reply.  Rehashing of the original argument is not helpful.  **Sur-reply briefs**, or other briefs, may be filed only with leave of court, obtained in advance of filing.

4. **Oral Argument.**  Motions may be decided with or without oral argument as determined by the Court.  Any party believing that oral argument will materially advance the decisional process may so advise the Court and request argument.

5. **Extensions.**  Motions to extend deadlines should be made as any other motion, but because of the Court's inherent discretion over this subject, they are more likely to be decided without waiting for response.  Motions to extend deadlines should be accompanied by a written certificate of conferral indicating that (a) the non-moving party consents or opposes; and (b) if the non-moving party opposes, whether such party wishes to file a response.  If the non-moving party wishes to file a response, it shall be filed within 7 days of the filing of the motion.  Every proposed order accompanying a motion to extend deadlines shall include the date certain, or a blank space for insertion of the date certain, for the proposed new deadline.  If a motion that affects more than one deadline, such as an extension of discovery that affects future deadlines in the case management order, the proposed order shall reset all the deadlines affected.

6. **Page Limits.**

    a. Briefs in support of and opposing motions to dismiss and motions for summary judgment should not exceed 25 pages, excluding tables and exhibits.

    b. Briefs in support of and opposing all other motions should not exceed 10 pages.

    c. Reply briefs to motions to dismiss or motions for summary judgment should not exceed 15 pages; and as to all other motions reply briefs should not exceed 10 pages.

    d. All text in briefs, including footnotes, shall be in 12-point font, with one-inch margins.  Text must be double-spaced; footnotes may be single-spaced.

    **e.** Counsel and the parties should be aware that in the Court's experience, shorter briefs are much more persuasive because they get to the point faster. Factual background sections should avoid argumentative and subjective information and provide specific citations to the pleadings or record. Where a timeline is critical to understanding the claims, the same shall be laid out plainly and concisely. Extensive recitations of generally applicable, settled decisional standards (grant/denial of summary judgment or a motion to dismiss, for example) are not necessary.

7. **Courtesy Copies.** If any brief together with appendices or exhibits equals or exceeds 50 pages, a courtesy paper copy of the brief and appendices or exhibits shall be furnished to the Court **after** the brief and appendices or exhibits are electronically filed, so that the ECF header appears on the documents. Counsel should not submit any other courtesy copies unless requested by the Court.

8. **Other Deadlines.** This Order does not affect response deadlines set by any federal statute or the computation of time under the Federal Rules of Civil Procedure.

9. **Discretion to Modify.** The Court may alter any of these provisions by Order or by notice from court staff at the Court's direction, in the interests of justice.

                                        SO ORDERED this 12th day of July 2022.

                                              s/*Marilyn J. Horan*
                                              Marilyn J. Horan
                                              United States District Judge

cc:     All counsel of record